Frances "Lynn" SANEM,
Plaintiff–Appellant,

v.

**RELIANCE INSURANCE COMPANY OF ILLINOIS, Defendant–Appellee.**

No. 99–35690.

D.C. No. CV–97–00013–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided Feb. 26, 2001.

**620**

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM *

Frances Lynn Sanem ("Sanem") appeals the district court's summary judgment dismissal of his diversity action alleging that Reliance Insurance Company ("Reliance") breached its duty to defend him in proceedings before the National Association of Securities Dealers ("NASD") under an insurance policy that insured Linsco–Private Ledger Corporation ("LPL") and Sanem. The district court held that there was no duty to defend because policy exclusions precluded coverage of the Geisslers' claim against Sanem and because Sanem failed to make a timely tender of defense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts which are not set

forth herein except as necessary to explain our decision.

■ Reliance contends first that it had no duty to defend Sanem because Exclusions P and M precluded coverage of the Geisslers' claim. Sanem argues that if interpreted from his perspective, the policy did not exclude coverage or absolve Reliance of its duty to defend him. We agree with Reliance and disagree with Sanem.

Exclusion P precludes coverage for:

P. The sale or purchase of SECURITIES or other investment products not authorized and approved by the NAMED INSURED, or where the transaction to purchase or sell such SECURITIES or other investment products is not processed by the NAMED INSURED. This exclusion does not apply to insurance products authorized to be sold pursuant to a life insurance license in the state of domicile of the INSURED. Further, this exclusion does not apply to the NAMED INSURED.

The policy defines "NAMED INSURED" as:

"NAMED INSURED" shall mean the entity shown in Item 1. of the Declarations and any SUBSIDIARY or SUBSIDIARIES as endorsed onto the policy. NAMED INSURED shall also include any person acting on behalf of the NAMED INSURED who was, now is, or shall become a partner, officer, director, stockholder, or employee of the NAMED INSURED.

Although Sanem does not contend that he was a "partner, officer, director, stockholder, or employee" of LPL, he nevertheless contends that he should be considered a "NAMED INSURED" under the policy

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

because he was a registered principal and branch manager of LPL. But under Montana law, the clear and unambiguous language of the policy defeats Sanem's argument. *Counterpoint, Inc. v. Essex Ins. Co.*, 291 Mont. 189, 967 P.2d 393, 395 (Mont.1998) (if policy language is clear and explicit, court must enforce it as written); *Schell v. Peters*, 147 Mont. 21, 410 P.2d 152, 155 (Mont.1966) (absent ambiguity, language of insurance contract governs its interpretation). Because Sanem was not a "NAMED INSURED" under the policy, Exclusion P applies to him.

■ Sanem next contends that Exclusion P does not exclude coverage because there is no evidence in the record before March 8, 1995 establishing that Sanem was not authorized to issue the investment in Mineral Products, Inc. ("MPI") to the Geisslers. This is incorrect. In a sworn affidavit dated October 3, 1994, LPL's compliance officer and general counsel stated that: (1) the Geisslers' investment in MPI was not processed by LPL and was not reflected on any account statement provided by LPL; (2) LPL received no commission or fee for the Geisslers' investment; and (3) LPL did not authorize the sale of MPI securities and MPI never appeared on any list of securities approved for sale through LPL representatives. Sanem does not dispute these facts. *See, e.g., Portal Pipe Line Co. v. Stonewall Ins. Co.*, 256 Mont. 211, 845 P.2d 746, 749 (Mont.1993) (considering undisputed facts to determine whether coverage exists). Because LPL did not authorize or approve the sale of securities in MPI and did not process the Geisslers' investment, Exclusion P precludes coverage of the Geisslers' claim and Reliance did not have a duty to defend Sanem. *Insured Titles, Inc. v. McDonald*, 275 Mont. 111, 911 P.2d 209, 211 (Mont.1996) (if asserted claim is not covered by policy terms, insurer has no duty to defend insured).

■ Sanem also contends that Exclusion M does not apply to him because he did not "operate, control, or manage" MPI and because the Geisslers were not "partners, owners, shareholders, or participants" of MPI. Exclusion M states that the following are excluded from coverage:

M. Any claim brought by an enterprise which one or more INSUREDS own, operate, control, or manage; or any claim brought by an enterprise which owns, operates, controls, or manages an INSURED; or any claim brought by any partner, owner, shareholder, or participant of any such enterprise.

Here, Sanem was an officer and 25 percent shareholder in MPI. Sanem signed the royalty agreement between the Geisslers and MPI as an officer and director of MPI. In an outside business activity notification form Sanem filed with LPL in 1990, Sanem described the duties of his position with MPI as "pay the bills & help manage." The royalty agreement signed by the Geisslers stated that the Geisslers would be paid for every ton of vermiculite mined or produced by MPI. We interpret the terms of an insurance policy according to their "usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." *Counterpoint*, 967 P.2d at 395. The word "participate" commonly means to "take a part or share in." The New Shorter Oxford English Dictionary, Vol. 2, at 2109 (1993). Because the Geisslers agreed to "take a part" or "share in" MPI by receiving profits earned from vermiculite production, they were "participants" in MPI. Exclusion M precludes coverage of the Geisslers' claim and Reliance did not have a duty to defend Sanem because Sanem had responsibility for managing MPI and the Geisslers were participants in MPI.

■ Reliance finally contends that it had no duty to defend Sanem because he failed to tender the defense of the Geisslers' claim. We agree. Because Sanem failed to tender the defense of the Geisslers' claim to Reliance before the NASD arbitration, Reliance was not charged with a duty to defend. *Cas. Indem. Exch. Ins. Co. v. Liberty Nat'l Fire Ins. Co.*, 902 F.Supp. 1235, 1239 (D.Mont.1995) (where the insured has failed to tender the defense of an action to its insurer, the insurer is excused from its duty to defend).

We AFFIRM.